UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re                                                                                      Case No. 05-22763-JBR

       Andel Jewelry, LLC,                                             Chapter 7

                        Debtor.
-----------------------------------------------------------X

DECISION AND ORDER ON FINAL APPLICATIONS FOR COMPENSATION OF
LAMONICA HERBST & MANISCALCO LLP AND EISNER LLP

UPON the Final Application for Compensation (Docket #140) of the law firm LaMonica Herbst & Maniscalco LLP ( "LaMonica") for Final Compensation for Attorney for the Chapter 7 Trustee, and the Final Application for Compensation (Docket #141) for Eisner LLP as Accountants (the "Final Applications"), and

WHEREAS, LaMonica voluntarily reduced its professional fees by 10% or $47,245.25 from the original request of $472,452.50 to $425,207.25; and

WHEREAS, Eisner LLP, voluntarily reduced its professional fees by 10% or $29,726.20 from the original request of $297,262.00 to $267,535.80; and

WHEREAS, the Court conducted a hearing on the Final Applications and took the applications under advisement; and

WHEREAS, according to Section 330(a)(3) of the Bankruptcy Code, the Court shall review an application for fees and costs and determine the amount of reasonable compensation based on the nature, extent and value of the services performed. Fee applications, filed pursuant to Rule 2016(a) of the Federal Rules of Bankruptcy Procedure and Rule 2016-1 of the E.D.N.Y. Local Bankruptcy Rules, shall be in compliance with the requirements contained in the fee guidelines promulgated by the United States Trustee. The United States Trustee's fee

guidelines focus on the disclosure of information relevant to a proper award under the law and facilitate review of the application. See Guidelines For Reviewing Applications For Compensation And Reimbursement of Expenses Filed Under 11 U.S.C. §330 (the "UST Fee Guidelines"), (Sections (a) General Information and (b) Contents of Applications for Compensation and Reimbursement of Expenses.) According to the UST Fee Guidelines, among other requirements, the fee application should provide information about applicant and the application, e.g. names and hourly rates of all applicant's professionals and paraprofessionals who billed times and explanation of any changes in hourly rates from those previously charged. The UST Fee Guidelines in section (3) requires that all applications contain a summary or cover sheet that provides a synopsis of specific information, and among others, computation of blended hourly rate for persons who billed time, excluding paralegal or other paraprofessional time. To facilitate effective review of the application, Section (4) of the UST Fee Guidelines requires all time and service entries to be arranged by project Categories, with each project category containing a narrative summary of specific information, and among others, a statement of the number of hours spent and the amount of compensation requested for each professional and paraprofessional on the project.

        This Court finds, that the Final Applications were not in compliance with the Local Rules and the UST Fee Guidelines, as an example and not limited to these instances, because of: i) insufficient information as to the names and hourly rates of all applicant's professionals and paraprofessionals who billed time, explaining any change in hourly rates from those previously charged; ii) lack of, or insufficient information on the summary sheet; iii) lack of computation of blended hourly rate for persons who billed time during period, excluding paralegal or other paraprofessional time; iv) insufficient information and lack of narrative

summary regarding each project category; and v) lack of a statement of the number of hours spent and the amount of compensation requested for each professional and paraprofessional on the project.

This Court considered that the Office of the United Trustee negotiated voluntary reductions of 10% of the amounts sought, and this Court finds that the fees awarded to LaMonica Herbst & Maniscalco, LLP, and Eisner LLP, shall be granted as voluntarily reduced.

FURTHER, as apparently there has not been consistent strict compliance with the US Trustee Guidelines in the past, no further reductions will be made by this Court in this case, however, in the future this Court will expect fee applications in full compliance with the US Trustee Guidelines, as incorporated by reference with the Local Rules.

It is hereby,

ORDERED, that LaMonica Herbst & Maniscalco, LLP, attorneys for the chapter 7 Trustee, is allowed fees in the net amount of $425,207.25 for professional services and expenses as requested, in the amount of $17,487.31; and it is further

ORDERED, that Eisner, LLP, accountants for the chapter 7 Trustee, is allowed fees in the net amount of $267,535.80 for professional services and expenses as requested, in the amount of $1,446.00; and it is further

ORDERED, that the payment of the above allowance shall be made upon final distribution.



Dated: May 4, 2011  
Brooklyn, New York

_____  
Joel B. Rosenthal  
United States Bankruptcy Judge